IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HERMAN MITCHELL CHARLES PROSPER,

    Plaintiff,

v.

NAVY FEDERAL CREDIT UNION, *et al.*,

    Defendants.

CIVIL ACTION NO.
1:22-cv-01301-SCJ-RDC

## ORDER

This matter is before the Court *sua sponte*. Plaintiff, proceeding *pro se*, initiated this action on April 1, 2022 in an effort to stop Defendant Navy Federal Credit Union from foreclosing on his home. (Doc. 1). Navy Federal then moved to dismiss on April 25, 2022. (Doc. 12). The motion to dismiss remains pending; however, on October 26, 2022, Plaintiff filed an amended complaint, (Doc. 29), naming several additional Defendants and asserting various violations of federal law. For the reasons below, Plaintiff's amended complaint is **STRICKEN** from the docket.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a plaintiff is only entitled to amend his pleading as a matter of course once within 21 days of serving

it or, as relevant here, within 21 days after service of a motion to dismiss, whichever is earlier. Fed. R. Civ. P. 15(a)(1). If a plaintiff does not amend his pleading within the timeframe just described, he may still do so later but must, in that case, first obtain either "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiff sought neither before filing his amended complaint, nor has he presented any argument as to why justice would be served by allowing the amended pleading at this point. *See id.* More than six months have elapsed since Navy Federal filed its motion to dismiss (now ripe for disposition), Plaintiff has offered no justification for his significant delay, and the proposed amendment bears several hallmarks of an impermissible shotgun pleading making it difficult to discern any cognizable new legal claims. *See Cummings v. Mitchell*, No. 20-14784, 2022 WL 301697, at *2 (11th Cir. Feb. 2, 2022) (explaining that a complaint constitutes an impermissible shotgun pleading when it (1) asserts claims incorporating all previous claims and allegations, (2) includes extraneous, immaterial, vague, and conclusory statements, (3) combines multiple claims under one count, and (4) fails to connect alleged unlawful acts to each defendant); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Accordingly, Plaintiff's amended complaint, (Doc. 29), is *sua sponte* **STRICKEN** from the docket.

Plaintiff is reminded [1] that *pro se* parties are expected to abide by the procedural rules of ordinary civil litigation, including the Federal Rules of Civil Procedure and the Local Rules of this Court. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) ("While we liberally construe the filings of *pro se* plaintiffs, the Supreme Court has stated that it 'never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'").

IT IS SO **ORDERED** on this 27th day of October 2022.

*R. Cannon*
REGINA D. CANNON
United States Magistrate Judge

---

[1] Plaintiff was previously advised that "any future filings with this Court materially deviating from the requirements of the Federal Rules and Local Rules" would be "stricken and disregarded." (Doc. 23 at 3).